NANCY WENG (SBN: 251215)
MAIHUONG TA (SBN: 305740)
TSAO-WU & YEE, LLP
99 N. First Street, Suite #200
San Jose, CA 95113
Telephone: 408-635-2334
Fax: 415-777-2298
nweng@tsaoyee.com

Attorney for Debtors

**UNITED STATES BANKRUPTCY COURT**
**NIORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>Co Duong and Colleen Nguyen<br><br><br>Debtor(s). | Case No. 18-30061HLB<br>Chapter 13<br><br>OBJECTION TO PROOF OF CLAIM ALICE ATAKHANIAN (CLAIM NUMBER 9-1) |

      CO DUONG AND COLLEEN NGUYEN (collectively the "Debtors"), in the above-captioned Chapter 13 case, object to the attached Proof of Claim number 9-1 filed by Alice Atakhanian ("Atakhanian") in the amount of $47,000 for allegedly conspire to defraud Atakhanian to enter into business agreement ("Agreement") that entitled Atakhanian to obtain a 32% ownership to the cosmetology school called San Francisco College of Cosmetology ("College"), and then breached this said Agreement.

      Atakhanian gave $30,000 to the Debtors as deposit monies in order to gain 32% ownership interest to the College. There was no evidence that Debtors induced or misrepresented Atakhanian into entering the said Agreement. There was meeting of the minds and the parties agreed to the terms as addressed. Under the said Agreement, Debtors and

Atakhanian agreed to cooperate to promote the school with remodeling and marketing as the priority.  *(See the Agreement attached as Exhibit A.)*  After the Agreement was signed by Debtors and Atakhanian, Debtors duly performed their duties as agreed and the money received pursuant to this Agreement was used to renovate the school and increase marketing for the business.  However, unbeknownst to the Debtors, business was slow due to the lack of cooperation by Atakhanian and the school suffered a loss.  Debtors did not breach the partys' agreement as the loss was beyond the Debtors' control.

      As far as Atakhanian's prayer for relief for monetary damages and reimbursement, this should not be granted, as there was no breach by the Debtors.  There is no provision on the Agreement which specifies that Atakhanian is entitled to monetary damages or reimbursement of his investment should the business suffered a loss.  On the contrary, the Agreement states that in the event of breach, Atakhanian should seek injunctive relief only, which she did and was denied by the San Francisco Superior court.  There is no statute or authority that indicates the contrary.

      Lastly, Attorney's fees and additional costs as claimed under the Proof of Claim are disputed by Debtors.  Accordingly, Atakhanian's claim should be denied in its entirety.

      Based on the forgoing, the Debtors respectfully request that the Atakhanian claim be denied in its entirety.  Alternatively, Debtor requests a hearing to present evidence pursuant to Bankruptcy Local Rule 9014.

Dated: June 22, 2018                TSAO-WU & YEE LLP

                                        */s/ Nancy Weng*
                                        Nancy Weng
                                        Attorney for Debtors

Fill in this information to identify the case:

Debtor 1 Colleen Nguyen

Debtor 2 CO DUONG
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of California

Case number 18-30061-HLB-13

**FILED**

APR 30 2018

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Alice Atakhanian
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ____

**2. Has this claim been acquired from someone else?**
☐ No
☐ Yes. From whom? ____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Alice Atakhanian
Name
1138 San Rafael Ave #19
Number Street
Glendale CA 91202
City State ZIP Code

Contact phone 818-660-9824
Contact email Alicemay04@yahoo.com

Where should payments to the creditor be sent? (if different)

Name ____
Number Street ____
City State ZIP Code
Contact phone ____
Contact email ____

Uniform claim identifier for electronic payments in chapter 13 (if you use one): ____

**4. Does this claim amend one already filed?**
☐ No
☒ Yes. Claim number on court claims registry (if known) ____
Filed on 02/22/2017
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☐ No
☒ Yes. Who made the earlier filing? ____

6. Do you have any number you use to identify the debtor?
   ☒ No
   ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. How much is the claim? $ **47,000.00**. Does this amount include interest or other charges?
   ☐ No
   ☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.

   **Become part-owner (32%) of San frensixco college of cosmetology.**

9. Is all or part of the claim secured?
   ☒ No
   ☐ Yes. The claim is secured by a lien on property.

   Nature of property:
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   Basis for perfection: _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   Value of property: $ _____
   Amount of the claim that is secured: $ _____
   Amount of the claim that is unsecured: $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   Amount necessary to cure any default as of the date of the petition: $ _____

   Annual Interest Rate (when case was filed) _____ %
   ☐ Fixed
   ☐ Variable

10. Is this claim based on a lease?
    ☒ No
    ☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

11. Is this claim subject to a right of setoff?
    ☒ No
    ☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☒ No
☐ Yes. Check one:

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 04 / 29 / 2018

_Signature_

Print the name of the person who is completing and signing this claim:

Name: Alice — Atakhanian
Title: _____
Company: _____
*Identify the corporate servicer as the company if the authorized agent is a servicer.*

Address: 1138 San Rafael Ave #19
Glendale, CA 91202

Contact phone: 818-660-9824
Email: AliceMay04@yahoo.com

# EXHIBIT A

# Mutual Business Agreement

It is understood and agreed to that the parties to this Agreement would each like to provide the other with certain information that may be considered confidential. To ensure the protection of such information and in consideration of the agreement to exchange said information, the parties agree as follows:

This agreement is between: <u>Jafar Reiisieh with 32% ownership.</u>
This agreement is between: <u>Alice Athakhanian with 32% ownership.</u>
This agreement is between: <u>Colleen This Nguyen with 36% ownership.</u>
Business Address: <u>2075 Mission Street, San Francisco, CA 94110.</u>
Business Name: <u>San Francisco College Of Cosmetology.</u>
Business Phone: <u>(415)624-1333 & (415) 621-0222</u>
Business Fax: <u>(415)621-3003</u>
Business Email: <u>www.stcosmetology.com.</u>

Date (Nov/07/2016

<u>Jafar Reiisieh:</u>
<u>Hair Galleria (201 S. Mary Ave#3, Sunnyvale, Ca 94086).</u>
<u>Alice Atakhanian:</u>
<u>Beyond Beauty Parlor (220 E. Broadway #B, Glendale, Ca 91205)</u>
<u>Colleen This Nguyen:</u>
<u>San Francisco College Of Cosmetology (2075 Mission Street, San Francisco, CA 94110)</u>

A-Per our verbal agreement we shall start our partnership on (11/07/16), so there for we ( <u>Jafar Reiisieh & Alice Atakhanian) are not taking any responsibility before said date such as Tax or tax liens, any business debt, unpaid balance, or pending law suits, or issues concerning the business, (Colleen This Nguyen) has agreed to take all responsibilities before 11/10/2016.</u>

B-All parties should create a new LLC (corrected to LC) as of (01/01/17) <u>and if by any reason not agreed or we are not added all agreement including this shall be voided and (Colleen This Nguyen) will be responsible for all cost and fees paid before.</u>

1-<u>Total Partnership price for Alice Athakhanian and Jafar Reiisieh is $250,000.00.</u>   cn aa JR
2-<u>Jafar Reiisieh has paid deposit of $30,000.00.</u>
3-<u>Alice Atakhanian has paid deposit of $30,000.00.</u>
4-<u>There is balance of $95,000.00 remaining which should be paid as follows.</u> FROM EACH PERSON.
5-<u>Check for $25,000.00 should be made to Colleen on (11/7/17).</u> EACH.
6-<u>Check for $25,000.00 should be made to Colleen on (11/7/18).</u> EACH.
7-<u>Check for $45,000.00 should be made to Colleen on (11/7/19) per our agreement this</u> EACH. <u>balance can not be forced since the balance is coming generated from business.</u>
8-<u>From the start date said above all the business expenses should be divided by all parties. In event of making any changes to create more Income 2 out of 3 partners is enough to move forward to make changes.</u>
9-<u>All parties have agreed to do all necessary move to create a better name and income for school and business.</u>
10-<u>Per our agreement after signing the contract, we are starting to do a full remodeling and</u>

Ex. A

**Installing camera and alarm system.**
**11- Also we are agreed to start all kind of advertising such as TV/Radio/Magazine and etc.**
**12- All parties should agree that in future we should open more schools with same terms and same ownership.**
**13- The bank account such as checking and saving should be under all parties name and can not make any withdraws with out others discretion.**
**14- Per our agreement Colleen has agreed to release all information belonging to school such as students report new agreement with students and etc.**
**15- As of (_____) all partners should report all activities on buisness even if 1 or 2 partners are not there, by form of email so we could have record.**
**16- If by date (_____) all parties do not come to a decision and do not comply with this agreement all cost and deposits should be refunded within 15 business day.**

**This agreement shall remain the same until all parties agree to change the terms.**

1. The confidential information to be disclosed under this Agreement ("Confidential Information") can be described as and includes:

　　Technical and business information relating to proprietary ideas, patentable ideas and/or trade secrets, existing and/or contemplated products and services, research and development, production, costs, profit and margin information, finances and financial projections, customers, clients, marketing, and current or future business plans and models, regardless of whether such information is designated as "Confidential Information" at the time of its disclosure.

In addition to the above, Confidential Information shall also include, and the parties shall have a duty to protect, other confidential and/or sensitive information which is (a) disclosed as such in writing and marked as confidential (or with other similar designation) at the time of disclosure; and/or (b) disclosed by in any other manner and identified as confidential at the time of disclosure and is also summarized and designated as confidential in a written memorandum delivered within thirty (30) days of the disclosure.

2. The parties shall use the Confidential Information only for the purpose of evaluating potential business, employment and/or investment relationships.

3. The parties shall limit disclosure of Confidential Information within its own organization to its directors, officers, partners, members and/or employees having a need to know and shall not disclose Confidential Information to any third party (whether an individual, corporation, or other entity) without prior written consent. The parties shall satisfy its obligations under this paragraph if it takes affirmative measures to ensure compliance with these confidentiality obligations by its employees, agents, consultants and others who are permitted access to or use of the Confidential Information.

4. This Agreement imposes no obligation upon the parties with respect to any Confidential Information (a) that was possessed before receipt; (b) is or becomes a matter of public knowledge through no fault of receiving party; (c) is rightfully received from a third party not owing a duty of confidentiality; (d) is disclosed without a duty of confidentiality to a third party by, or with the authorization of the disclosing party; or (e) is independently developed.

5. The parties warrant that they have the right to make the disclosures under this Agreement.

Ex. A

6. This Agreement shall not be construed as creating, conveying, transferring, granting or conferring upon either party any rights, license or authority in or to the Information exchanged, except the limited right to use Confidential Information specified in paragraph 2. Furthermore and specifically, no license or conveyance of any intellectual property rights is granted or implied by this Agreement.

7. Neither party has an obligation under this Agreement to purchase any service, goods, or intangibles from the other party. Furthermore, both parties acknowledge and agree that the exchange of Information under this Agreement shall not commit or bind either party to any present or future contractual relationship (except as specifically stated herein), nor shall the exchange of Information be construed as an inducement to act or not to act in any given manner.

8. Neither party shall be liable to the other in any manner whatsoever for any decisions, obligations, costs or expenses incurred, changes in business practices, plans, organization, products, services, or otherwise, based on either party's decision to use or rely on any information exchanged under this Agreement.

9. If there is a breach or threatened breach of any provision of this Agreement, it is agreed and understood that the non-breaching party shall have no adequate remedy in money or other damages and accordingly shall be entitled to injunctive relief; provided however, no specification in this Agreement of any particular remedy shall be construed as a waiver or prohibition of any other remedies in the event of a breach or threatened breach of this Agreement.

10. This Agreement states the entire agreement between the parties concerning the disclosure of Confidential Information and supersedes any prior agreements, understandings, or representations with respect thereto. Any addition or modification to this Agreement must be made in writing and signed by authorized representatives of both parties. This Agreement is made under and shall be construed according to the laws of the State of **CALIFORNIA**, U.S.A. In the event that this agreement, is breached, any and all disputes must be settled in a court of competent jurisdiction in the State of **CALIFORNIA**, U.S.A.

11. If any of the provisions of this Agreement are found to be unenforceable, the remainder shall be enforced as fully as possible and the unenforceable provision(s) shall be deemed modified to the limited extent required to permit enforcement of the Agreement as a whole.

WHEREFORE, the parties acknowledge that they have read and understand this Agreement and voluntarily accept the duties and obligations set forth herein.

Recipient of Confidential Information:

Owner (Print or Type): Jafar Relisieh
Address: 691 Elden Dr.
City, State & Zip: Campbell, CA 95008
Phone # (408)315-0018
Date: 11/07/2016

Signature: _____

State of California County of
SANTA CLARA
Subscribed and sworn to (or affirmed) before me on this 7 day of NOV, 2016 by
JAFAR RELLSIEH
proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

(Seal)

PAUL J. KIEFER
COMM. # 2022369
NOTARY PUBLIC - CALIFORNIA
SANTA CLARA COUNTY
COMM. EXPIRES MAY 15, 2017

Ex. A

Owner (Print or Type): <u>Alice Atakhanian.</u>
Address: <u>1138 San Rafael Ave# 19.</u>
City, State & Zip: <u>Glendale, CA 91202.</u>
Phone #(818)660-9824
Date: <u>11/07/2016</u>

Signature: _____

Owner (Print or Type): <u>Colleen Thi Nguyen</u>
Address: <u>1223 37th Ave.</u>
City, State & Zip: <u>San Francisco, CA 94122.</u>
Phone # (415)286-3700
Date: 11/07/2016

Signature: _____

State of California County of
<u>SANTA CLARA</u>
Subscribed and sworn to (or affirmed)
before me on this <u>7</u> day of <u>NOV</u>, 20<u>16</u> by
<u>ALICE ATAKHANIAN</u>,
proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me.

Signature: _____
(Seal)

PAUL J. KIEFER
COMM. # 2022369
NOTARY PUBLIC - CALIFORNIA
SANTA CLARA COUNTY
COMM. EXPIRES MAY 19, 2017

State of California County of
<u>SANTA CLARA</u>
Subscribed and sworn to (or affirmed)
before me on this <u>7</u> day of <u>NOV</u>, 20<u>16</u> by
<u>COLLEEN THI NGUYEN</u>,
proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me.

Signature: _____
(Seal)

PAUL J. KIEFER
COMM. # 2022369
NOTARY PUBLIC - CALIFORNIA
SANTA CLARA COUNTY
COMM. EXPIRES MAY 19, 2017

Ex. A