Signed and Filed: July 6, 2018

**HANNAH L. BLUMENSTIEL**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Case No. 18-30061 HLB |
| CO DUONG and COLLEEN NGUYEN, | ) Chapter 7 |
| Debtors. | ) |

**ORDER TO SHOW CAUSE RE: CONTEMPT AND SANCTIONS
AS TO DEBTORS AND DEBTORS' COUNSEL**

On June 12, 2018, the court ordered Debtors Co Duong and Colleen Nguyen to file by June 26, 2018 a declaration "attesting under penalty of perjury to each and every safe deposit box they have used or had access to in or after January 2016, identifying any such safe deposit box by number, describing the contents thereof, and identifying any third party who might have rights to each box and/or its contents and the cases for such a claim or right." ["Discovery Order"; Dkt. 73.] Mr. Duong and Ms. Nguyen did not file the required declaration. Accordingly, on June 27, 2018, the court issued an Order to Show Cause re Discovery Sanctions (the "OSC"; Dkt. 87) against Ms. Nguyen, Mr. Duong, and their counsel, requiring them to (1) file by July 3, 2018 a written response explaining why they should not be sanctioned for their failure to comply

with the Discovery Order; and (2) appear in person at a hearing on the OSC scheduled for July 5, 2018 at 2:00 p.m.

Ms. Nguyen, Mr. Duong, and their counsel filed a written response to the OSC on June 28, 2018 ("Response"; Dkt. 89), attached to which are two declarations: one from Ms. Nguyen and one from Mr. Duong (the "Duong Declaration"). The Response states that, on June 26, 2018, Debtors' counsel emailed the declarations to counsel for 70 Fahrenheit, Inc. (the other party to the discovery dispute that gave rise to the Discovery Order) but that, "due to confusion, Debtors' attorney's office was not aware that the Court also required a Declaration be filed and served evidencing the submission to the Creditor's attorney." Debtors' counsel apologized to the court for the "inadvertent mistake."

In her declaration, Ms. Nguyen attests that she has not owned or had access to any safe deposit boxes in or after January 2016.

In the Duong Declaration, Mr. Duong attests that he co-owns or has had access to two safe deposit boxes at Chase Bank. Mr. Duong states that he opened or co-signed safe deposit box ending in number 4307 ("Box 4307") with his sister, Julie Duong, when she first immigrated to the United States on some unspecified date. Mr. Duong claims that he has not used or accessed Box 4307 within the last 10 years, and that he confirmed with Chase Bank that he last accessed Box 4307 in 1996. Inexplicably, Mr. Duong then states that "Box 4307 is empty and has no money in it." [Duong Declaration, ¶ 4.] Mr.

Duong fails to explain how he knows this given that he claims not to have accessed Box 4307 within the last 10 years.

Mr. Duong also states that he opened or co-signed a safe deposit box ending in number 5639 ("Box 5639") when another sister, Thuy Tran, immigrated to the United States approximately 20 years ago. He claims not to have used or accessed Box 5639 within the last 10 years and then states: "[m]ore accurately, I have never used or gained access to this box after it was opened. I do not know or have any knowledge of the content thereof[.]" [Duong Declaration, ¶ 7.]

The Duong Declaration contradicts the declaration Mr. Duong filed on April 5, 2018 as an attachment (Dkt. 42-1) to his and Ms. Nguyen's Third Amended Statement of Financial Affairs (Dkt. 42), in which Mr. Duong attested to having deposited $80,000 in "Chase Safe Deposit Box 1" after he and Ms. Nguyen sold their house in December 2017. His current declaration contains no information concerning "Chase Safe Deposit Box 1"; therefore it fails to comply with the Discovery Order.

In light of Mr. Duong's continuing failure to comply with the Discovery Order, on July 2 2018, the court issued an Order Regarding Declaration of Debtor Co Duong filed June 29, 2018. ["Duong Declaration Order"; Dkt. 93.] The Duong Declaration Order required that, **No later than 12:00 p.m. on Thursday, July 5, 2018**, Mr. Duong shall file a declaration that explains (a) his statements in his April 5, 2018 declaration regarding 'Chase Safe Deposit Box 1'; (b) why he omitted information concerning 'Chase Safe Deposit Box 1' from his declaration

submitted on June 29, 2018; and (c) the basis for his personal knowledge that Box 4307 is empty if he has not accessed it since 1996." The Duong Declaration Order further provided that the July 5, 2018 2:00 p.m. hearing on the OSC remained on calendar and that Ms. Nguyen, Mr. Duong, and their counsel remained subject to sanction. The Duong Declaration Order was entered on the docket in the above-captioned case at 9:16 a.m. on July 2, 2018, a copy was emailed to Debtors' counsel at 9:27 a.m. on July 2, 2018, and a copy was mailed to Mr. Duong and Ms. Nguyen on July 2, 2018. Mr. Duong did not file the declaration required by the Duong Declaration Order; thus, he still has not complied with the Discovery Order.

On July 5, 2018, a hearing was held before the court on the OSC, among other matters. Neither Ms. Nguyen nor Mr. Duong appeared at the July 5 hearing despite the OSC's express requirement that they appear in person. Debtors' counsel, Nancy Weng, did appear at the July 5 hearing. When asked why Mr. Duong did not file a declaration in compliance with the Duong Declaration Order, Ms. Weng stated that she had not seen the Duong Declaration Order despite this court having emailed a copy of the Duong Declaration Order to her. Ms. Weng offered no explanation for Ms. Nguyen's and Mr. Duong's absence.

In light of the foregoing, the court **ORDERS** as follows:

(1) Debtors and their counsel Nancy Weng shall appear **in person** on **August 2, 2018 at 10:00 a.m.** at 450 Golden Gate Avenue, 16th Floor, Courtroom 19, San Francisco, California 94102 and show cause why they should not be held in contempt or sanctioned for their failure

to comply with the court's orders as described above. Debtors and their counsel shall file and serve a written response to this Order to Show Cause no later than **July 20, 2018**.

(2) If no response is filed, or if a response is filed but the Debtors and/or their counsel fail to personally appear on August 2, the court will deem Debtors and/or their counsel unopposed to a finding of contempt and/or sanctions, will vacate the August 2 hearing, and will enter an order finding the Debtors and/or their counsel in contempt and imposing whatever sanctions the court deems appropriate.

**\*\*END OF ORDER\*\***

## Court Service List

Co Duong and Colleen Nguyen
P.O. Box 210183
San Francisco, CA 94121