**MACDONALD | FERNANDEZ LLP**
RENO F.R. FERNANDEZ III (SBN 251934)
221 Sansome Street, Third Floor
San Francisco, CA 94104-2323
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Creditors,
Jafar Reiisieh and Alice Atakhanian

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>CO DUONG and<br>COLLEEN NGUYEN,<br><br>Debtors. | Case No. 18-30061-HLB-7<br><br>Chapter 7<br><br>**JOINT OPPOSITION OF JAFAR REIISIEH AND ALICE ATAKHANIAN TO CLAIM OBJECTION AND REQUEST FOR HEARING** (Claims No. 8 & 9) |

**COME NOW** Jafar Reiisieh and Alice Atakhanian, Creditors herein, opposing the objections to their proofs of claim (Claims No. 8 & 9), which objections were filed on June 22, 2018 (Docket Nos. 81 & 83) (the "Claim Objection"), and requesting (pursuant to Bankruptcy Local Rule 9014-1(b)(3)(A)) that the Court set a preliminary hearing pursuant to Bankruptcy Local Rule 3007-1(b), and respectfully representing as follows:

1. The Debtors commenced the within case by filing a voluntary joint chapter 13 petition on January 18, 2018. The case was converted to chapter 7 pursuant to the Court's oral ruling on April 18, 2018, and the order entered on April 23, 2018 (Docket No. 58). E. Lynn Shoenmann is the duly appointed, qualified and acting Chapter 7 Trustee.

2. The subject proofs of claim state claims for breach of a written contract, or rescission of contract, under which Co-Debtor Colleen Nguyen agreed to transfer the majority of outstanding shares of stock in the beauty school to the Creditors. It is undisputed that the shares were not transferred.

3. The Claim Objections should be overruled as a matter of law without an evidentiary hearing. On their face, the Claim Objections concede that the Creditors were entitled to receive the shares. The Claim Objections do not allege breach by the Creditors, excuse of performance or any

1

other grounds for disallowing the claims.

4. Specifically, each of the Claim Objections states that each of the Creditors "gave $30,000 to the Debtors as deposit monies in order to gain 32% ownership interest to the College under the said Agreement. There was a meeting of the minds and the parties agreed to the terms as addressed." (Claim Objections, 1:24-27) (internal reference omitted). The Claim Objections do not go on to allege that the Creditors failed to perform or that Ms. Nguyen's obligation to perform was excused.

5. It is undisputed that the shares were not transferred. Nevertheless, the Claim Objections allege that the Debtors did not breach the agreement, although the Claim Objections appear to also vaguely allege that performance of the agreement became impossible due to an unexpected business loss (Claim Objections, 2:3-5). The Debtors do not explain how a business loss could make their agreement to transfer shares impossible to perform.

6. The Claim Objections allege no basis for disallowing the Creditors' claims for breach of contract. Instead, the Debtors focus upon defeating a hypothetical claim for fraud in inducement to contract, alleging that: "There was [sic] no evidence that Debtors induced or misrepresented [the Creditors] into entering the Agreement." (Claim Objections, 1:26-28). The Debtors also attack a hypothetical claim for attorney's fees (Claim Objections, 2:12-13). These are red herrings as the Creditors have not raised a claim for fraudulent inducement or attorney's fees, although they may.

7. Confusingly, the Claim Objections also allege that Section 10 of the agreement limits the parties to injunctive relief alone. On the contrary, the last sentence of Section 10 specifies that the preceding terms providing for injunctive relief do not limit any other relief available to the parties.

8. Because the foregoing defects appear on the face of the Claim Objections, the Court is entitled to overrule them at the initial hearings thereon.

9. If the Court is not inclined to overrule the Claim Objections at the initial hearings, then the Court should establish a schedule for discovery and trial.

///

///

///

///

| | |
|---|---|
| 1 | **WHEREFORE**, the Creditors pray for entry of an order: |
| 2 | 1. Overruling the Claim Objections; or |
| 3 | 2. In the alternative, setting a schedule for discovery and trial; and |
| 4 | 3. For such other and further relief as is appropriate in the premises. |

DATED: July 23, 2018                              MACDONALD FERNANDEZ LLP

By: /s/ *Reno F.R. Fernandez III*
Reno F.R. Fernandez III,
Attorneys for Creditors,
Jafar Reiisieh and Alice Atakhanian